UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAMAL KHAN,<br>      Plaintiff, | §<br>§<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO.4:19-cv-01696 |
| TEMPLAR SOG LLC, ANGEL LEON, and<br>JEFFREY GREGORIO SOLANO,<br>      Defendants. | §<br>§<br>§<br>§ | |

**DEFENDANTS TEMPLAR SOG LLC, ANGEL LEON, AND JEFFREY GREGORIO SOLANO'S ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants, **Templar SOG LLC, Angel Leon, and Jeffrey Gregorio Solano**, which answer the allegations of the Plaintiff, **Kamal Khan,** and asserts affirmative defenses as follows:

## ADMISSIONS AND DENIALS

### Original Complaint

1. Defendants deny the allegations contained in paragraph 1.

### Jurisdiction and Venue

2. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1391(b), as alleged in paragraphs 2, 3 and 4.

### Parties

3. Defendants admit the allegations contained in paragraph 5.

4. Defendants admit the allegations contained in paragraph 6.

5. Defendants admit the allegations contained in paragraph 7.

6. Defendants admit the allegations contained in paragraph 8.

**Factual Allegations**

7.     Defendants deny that Leon and Solano were co-operators of a security service with Robert Craig Klimek, Jr. as alleged in paragraph 9. Robert Craig Klimek, Jr. owned a d/b/a called Templar Security while Leon and Solano were merely Mr. Klimek's employees.

8.     Defendants admit the allegations contained in paragraph 10.

9.     Defendants admit that Templar SOG, which was a d/b/a, was created as a partnership as alleged in paragraph 11. Defendants deny that Templar SOG, a d/b/a, was created as a partnership to provide security services. Rather, it was Templar SOG, LLC that was created to provide security services. Defendants admit that Templar SOG, LLC was registered as an LLC with the Texas Secretary of State on November 21, 2018.

10.    Defendants deny the allegations contained in paragraph 12.

11.    Defendants deny the allegations contained in paragraph 13.

12.    Defendants deny the allegations contained in paragraph 14.

13.    Defendants deny the allegations in paragraph 15.

14.    Defendants admit the allegations contained in paragraph 16.

15.    Defendants deny the allegations contained in paragraph 17.

16.    Defendants deny the allegations contained in paragraph 18.

17.    Defendants admit that Plaintiff regularly worked more than forty hours in a workweek as alleged in paragraph 19. Defendants deny that this was a requirement imposed by Defendants, but rather was done at Plaintiff's own request.

18.    Defendants admit that Plaintiff regularly worked more than forty hours in a workweek as alleged in paragraph 20. Defendants deny that this was a requirement imposed by Defendants, but rather was done at Plaintiff's own request.

19.    Defendants admit that they were tasked with scheduling as alleged in paragraph 21. Defendants deny that the schedules were sent to Plaintiff, but rather were shared via Dropbox.

20. Defendants deny that they were responsible for Plaintiff's compensation as alleged in paragraph 22. As the owner of Templar Security, Robert Klimek alone was responsible for Plaintiff's compensation. Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's alleged overtime premium.

21. Defendants deny that they were responsible for Plaintiff's compensation as alleged in paragraph 23. As the owner of Templar Security, Robert Klimek alone was responsible for Plaintiff's compensation. Defendants deny that Plaintiff earned less than the federal minimum wage rate.

22. Defendants deny the allegations contained in paragraph 24.

23. Defendants deny the allegations contained in paragraph 25.

24. Defendants deny that they had the authority to set wage rates, discipline, or fire employees of Templar Security as alleged in paragraph 26. Defendants admit that they had the authority to hire employees and to set schedules for Templar Security.

25. Defendants admit that Robert Klimek established Templar Security, as alleged in paragraph 27. Defendants deny that they were partners or co-owners with Robert Klimek, but were employees of Mr. Klimek.

26. Defendants admit that they were employed as managers of Templar Security at the time of Plaintiff's employment as alleged in paragraph 28, but deny that they had ownership control over Templar Security or its operations.

27. Defendants deny the allegations contained in paragraph 29.

28. Defendants deny the allegations contained in paragraph 30.

29. Defendants admit that they were hired by Mr. Klimek as managers of Templar Security as alleged in paragraph 31. Defendants deny that they had control over Templar Security.

30. Defendants deny the allegations contained in paragraph 32.

31. Defendants deny the allegations contained in paragraph 33.

32. Defendants admit the allegations contained in paragraph 34.

33. Defendants deny the allegations contained in paragraph 35.

34. Defendants deny the allegations contained in paragraph 36.

35. Defendants deny allegations contained in paragraph 37.

36. Defendants deny the allegations contained in paragraph 38.

## Causes of Action

37. Defendants deny the allegations contained in paragraph 39.

38. Defendants deny the allegations contained in paragraph 40.

39. Defendants deny the allegations contained in paragraph 41.

40. Defendants deny the allegations contained in paragraph 42.

41. Defendants deny the allegations contained in paragraph 43.

42. Defendants deny the allegations contained in paragraph 44.

43. Defendants deny the allegations contained in paragraph 45.

44. Defendants deny the allegations contained in paragraph 46.

## Prayer

45. Defendants deny that Plaintiff is entitled to any of the relief requested in his Prayer. Defendants further deny that they are liable to Plaintiff under any theory of liability.

## AFFIRMATIVE DEFENSES

46. **First Affirmative Defense.** Plaintiff's Original Complaint fails to state a cause of action upon which relief may be granted.

47. **Second Affirmative Defense.** Plaintiff failed to mitigate or reasonably attempt to mitigate his alleged damages, if any, as required by law.

48. **Third Affirmative Defense.** Plaintiff's Original Complaint is barred because Defendants dd not breach any duties or obligations of any kind arising from common law, statute, contract, tort, or otherwise and fulfilled all duties and obligations, if any, to Plaintiff. Defendants assert, way of affirmative defense that Plaintiff was not an employee of Defendants Leon, Solano, or Templar SOG LLC.

49. **Fourth Affirmative Defense.** At all relevant times, Defendants were not employers of Plaintiff and did not have obligations to Plaintiff under the FLSA.

50. **Fifth Affirmative Defense.** In the alternative, Defendants acted in good faith with respect to any obligation under the FLSA.

51. **Sixth Affirmative Defense**. With respect to some or all claims brought by Plaintiff, Defendants affirmatively plead that any acts or omissions that may be found to be in violation of the rights afforded by the FLSA were not willful, but occurred in good faith with reasonable grounds for believing that Defendants were in full compliance with the FLSA. As such, the statute of limitations can be no longer than two (2) years under the FLSA 29 U.S.C. § 255(a).

52. **Seventh Affirmative Defense**. Plaintiff may not recover liquidated damages because (i) Defendants acted reasonably and in good faith and did not commit any willful violation of any of the provisions of the FLSA; (ii) Defendants did not authorize or ratify any willful violation with respect to Plaintiff; and (iii) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

53. **Eighth Affirmative Defense.** To the extent Plaintiff are entitled to damages, Defendants are entitled to a credit for or set-off against amounts overpaid to Plaintiff and to a credit for payments already made to Plaintiff.

54. **Ninth Affirmative Defense**. Plaintiff was exempt from the overtime requirements of the FLSA.

55. **Tenth Affirmative Defense**. Defendants reserve their right to assert any additional defenses to Plaintiff's claims as they become known during the course of this litigation.

**WHEREFORE,** Defendants respectfully request that Plaintiff take nothing by his suit, that their costs of suit be awarded against Plaintiff, and for such other and further relief, both at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**J. Nathan Overstreet & Assoc., P.C.**

/s/ J. Nathan Overstreet
James Nathan Overstreet
State Bar No. 00784706
Teresa Poonsuwan
State Bar No. 24099026
8711 Highway 6 North, Suite #230
Houston, Texas 77095
(281) 855-1000
Fax (281) 855-4580
overstreetlawfirm@gmail.com

Attorneys for Defendants,
**Templar SOG LLC, Angel Leon, and Jeffrey Solano**

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing pleading has been served on the following parties according to the Federal Rules of Civil Procedure electronically on this the 28th day of June, 2019, to:

Christopher J. Willet
Rebecca C. Eisenbrey
**Equal Justice Center**
510 S. Congress Ave., Suite 206
Austin, Texas 78704
Tel: (512) 474-0007, ext. 107
Fax: (512) 474-0008
cwillett@equaljusticecenter.org
reisenbrey@equaljusticecenter.org

Jordyn Rystrom Emmert
**Equal Justice Center**
1922 Common Street
Houston, Texas 77009
jemmert@equaljusticecenter.org

Attorneys for Plaintiff,
**Kamal Khan**

                /s/ J. Nathan Overstreet
                James Nathan Overstreet